UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LADARIUS WELCH, #965513,

        Petitioner,                      Case No. 19-12302
                                                        HON. BERNARD A. FRIEDMAN

v.

MARK MCCULLICK,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

I.     Introduction

Before the Court is petitioner Ladarius Welch's pro se petition for a writ of habeas corpus. Welch challenges his convictions for first-degree premeditated murder, Mich. Comp. Laws § 750.316(1)(a), carrying a weapon with unlawful intent, Mich. Comp. Laws § 750.226, and two counts of possession of a firearm, Mich. Comp. Laws § 750.227b. Welch raises three claims for relief. Respondent has filed an answer arguing that two claims are procedurally defaulted and that all the claims are meritless. For the following reasons, the Court will deny the petition.

II.    Background

Welch's convictions stem from a fatal shooting in Saginaw, Michigan. He was tried alongside co-defendant Jarquez Swilley before a single jury in Saginaw County Circuit Court. The Michigan Court of Appeals summarized the events underlying the convictions as follows:

> Defendants' convictions arise from the April 2, 2014 shooting death of Davontae Weems. The prosecution's theory of the case was that both Welch and Swilley had a history of disagreements and confrontations with Weems, and they were looking for him on April

> 2, 2014, in order to kill him. The prosecution argued that Welch and Swilley saw Weems walking on the street, and that Swilley shot and killed Weems with Welch's assistance.
>
> At trial, DeQuaviz Cannon testified that he was a passenger in a vehicle with Welch and Swilley when they saw Weems walking down the street. Cannon testified that Welch turned into a driveway and Swilley, who had a gun, exited the van and started chasing Weems, firing shots at him. Welch eventually stopped his van near Weems's body, exited the van, confirmed that Weems was dead, and told Swilley, "You got that motherf***er." Cannon acknowledged that when he first spoke to the police, he falsely stated that Welch and Swilley were not involved in the shooting because he did not want to implicate them. Cannon received immunity in exchange for his testimony.
>
> Swilley's former girlfriend, Arnisha Dorsey, testified that Swilley initially denied any involvement in the shooting, but then later admitted to her that he had killed Weems. Dorsey also testified that after Swilley was incarcerated, he asked her to dispose of the gun, but she refused. Thereafter, Swilley contacted Welch, who borrowed Dorsey's keys and removed the gun from her apartment. Dorsey further testified that Swilley encouraged her to lie to the police. She admitted that she initially told the police that she did not know anything about the shooting, but testified at trial that this statement was false. Dorsey accepted a plea agreement in which she pleaded guilty to accessory after the fact to first-degree murder and obstruction of justice in exchange for her testimony and a recommendation that she be placed on probation.

*People v. Welch*, No. 333571, 2017 WL 5473206, at *1 (Mich. Ct. App. Nov. 14, 2017).

The trial court sentenced Welch to concurrent terms of life imprisonment without parole for first-degree murder and two to five years' imprisonment for carrying a weapon with unlawful intent, to be served consecutively to concurrent two-year terms of imprisonment for the felony-firearm convictions.

The Michigan Court of Appeals affirmed the convictions on direct appeal. *Id.* Welch filed an unsuccessful application for leave to appeal with the Michigan Supreme Court. *People v. Welch*,

501 Mich. 1082 (2018). He then filed this habeas corpus petition raising the following issues:

> I. Where the evidence did not prove beyond a reasonable doubt that Petitioner knew of his co-defendant's plan until after it had already taken place, it was legally insufficient to prove that he aided and abetted his codefendant and thus insufficient to sustain his conviction.
>
> II. Petitioner was denied a fair trial by the trial court's failure to grant separate trials where Welch was clearly prejudiced by the joint trial.
>
> III. Welch was denied his state and federal constitutional rights to due process, to present a defense, and to a properly instructed jury where the trial court denied his request to instruct the jury that it should view with caution the testimony of Arnisha Dorsey and DeQuaviz Cannon, who were at least disputed accomplices.

III. <u>Legal Standards</u>

Habeas petitions are governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Habeas petitioners who challenge "a matter adjudicated on the merits in State court [must] show that the relevant state court decision (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (cleaned up). The focus of this standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v.*

*Richter*, 562 U.S. 86, 101 (2011) (quotation omitted).  A state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1).  And review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

IV. <u>Analysis</u>

    A. *Sufficiency of the Evidence*

Welch first argues that prosecutors marshalled insufficient evidence to support his first-degree premeditated murder conviction under an aiding and abetting theory.

On habeas review, the sufficiency of the evidence inquiry involves "two layers of deference": one that is owed to the jury verdict, and another to the Michigan Court of Appeals' decision.  *Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017).  The Court must first "determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis in original); *see also Jackson v. Virginia,* 443 U.S. 307, 319 (1979).  Then, even if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable."  *Id.*

To obtain a conviction of first-degree premeditated murder under Michigan law, the prosecution must prove that the defendant intentionally killed the victim and that the killing was premeditated and deliberate.  *People v. Anderson*, 209 Mich. App. 527, 537 (1995).  To convict a defendant under an aiding and abetting theory, the prosecution must prove that (1) the defendant or some other person committed the charged offense, (2) the defendant performed acts or gave

encouragement that assisted the commission of the offense, and (3) the defendant intended the commission of the offense or knew that the principal intended to commit the offense at the time he gave aid and encouragement. *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007). An "aider and abettor's state of mind may be inferred from all the facts and circumstances" surrounding the offense. *People v. Carines*, 460 Mich. App. 750, 757 (1999). The Court may consider the existence of "a close association between the defendant and the principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *Id.* at 757-58. "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v. Lawton*, 196 Mich. App. 341, 352 (1992).

The Michigan Court of Appeals, applying the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979), denied Welch's sufficiency-of-the-evidence claim. The panel held that the direct and circumstantial evidence, considered together, supported the verdict.

> Welch does not dispute that sufficient evidence was presented to prove that Swilley shot and killed Weems, but contends that the evidence failed to prove that he aided or abetted Swilley in committing murder and, at most, showed only that he was an accessory after the fact or that he could have "guessed" Swilley's intentions. We disagree. The record reflects that both Swilley and Welch had prior difficulties with Weems and that Welch had informed Weems's mother that he was waiting for Weems to be released from prison, which supports an inference that Welch shared an intent to harm Weems. Further, there was testimony that, upon seeing Weems walking down the street, Welch stopped his van to allow Swilley to exit with a gun and pursue Weems, which is sufficient to prove that Welch assisted Swilley by enabling him to confront and shoot Weems. The evidence that Welch left the van to confirm that Weems was dead, and then communicated to Swilley that he "got that motherf***er" also supports an inference that he and Swilley shared a common intent and that Welch had knowledge of Swilley's intention to shoot and kill Weems. Finally, after the offense, Welch borrowed Dorsey's keys and used them to enter her apartment to obtain and dispose of the gun that Swilley used to shoot

> Weems. Although this evidence supports a finding that Welch acted as an accessory after the fact, it also supports an inference that Welch wanted to dispose of the gun because of his consciousness of guilt for his own involvement in the murder.
>
> On appeal, Welch attempts to discredit the testimony of Cannon and Dorsey by emphasizing that they had both given earlier statements to the police that were inconsistent with their trial testimony and that both had made favorable arrangements for their testimony at trial. However, the credibility of their testimony was for the jury to resolve. *Millstead*, 250 Mich. App. at 404. Viewed in a light most favorable to the prosecution, the evidence was sufficient to support Welch's convictions under an aiding or abetting theory.

*Welch*, 2017 WL 5473206, at *2-3.

Welch asks the Court to, in effect, reconsider the evidence and reach a different outcome than both the jury and the court of appeals. But the Court cannot "rely simply upon [its] own personal conceptions of what evidentiary showings would be sufficient to convince [the Court] of the petitioner's guilt." *Brown*, 567 F.3d at 205. Instead, the Court must ask whether the Michigan Court of Appeals "was unreasonable in *its* conclusion that a rational trier of fact could find [Welch] guilty beyond a reasonable doubt based upon the evidence presented at trial." *Id.* "A reviewing court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *McDaniel v. Brown*, 558 U.S. 120, 133 (2010) (quotation omitted).

Welch's individual acts – including stopping the vehicle when Weems was spotted to allow Swilley to exit the car, allowing Swilley back into the car after the shooting, checking to make sure Weems was dead, and confirming with Swilley that he had "gotten" Weems – when considered as a whole, are sufficient for a reasonable factfinder to conclude that Welch committed the essential

elements of the crime beyond a reasonable doubt. The Michigan Court of Appeals' determination that the prosecution adduced sufficient evidence to convict Welch is, therefore, not contrary to, or an unresaonble application of, Supreme Court precedent.

    B.    *Joint Trial*

Welch asserts that his rights to due process and a fair trial were violated when the trial court neglected to sever his case from co-defendant Jarquez Swilley's. The joint trial, he maintains, led to the admission of (1) Amisha Dorsey's damaging testimony that co-defendant Swilley confessed, and (2) Cannon's testimony that Welch was present at the time of the shooting.

Because Welch never asked the trial court for severance, the Michigan Court of Appeals held that he did not preserve this claim for appellate review. Respondent argues that the claim is, therefore, procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."*Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). In this case, the Court finds that the interests of judicial economy are best served by addressing the claim's merits.

The Michigan Court of Appeals addressed Welch's claim under a plain error standard, to which this Court owes deference.[1] The panel rejected Welch's argument that Dorsey and Cannon's testimony would not have been admitted against him had he received a separate trial. *Welch*, 2017 WL 5473206, at *3. The court of appeals held that Cannon's testimony that Welch was present at

---

[1] A state court's plain-error analysis is "an adjudication on the merits," 28 U.S.C. § 2254(d), and is entitled to AEDPA deference, so long as it amounts to a "reasoned elaboration of an issue under federal law." *Stewart v. Trierweiler*, 867 F.3d 633, 638 (6th Cir. 2017).

the shooting was probative of whether Welch aided Swilley in the shooting. *Id.* The panel also held that Dorsey's testimony that Welch borrowed her keys to enter her apartment and retrieve the gun that Swilley used to shoot Weems was probative of Welch's consciousness of guilt. *Id.* The Michigan Court of Appeals concluded that the trial court properly admitted this evidence and that it would have been admissible even if the trial court had severed the proceedings. As such, severance was not necessary to protect Welch's right to a fair trial. *Id.*

On this score, the Michigan Court of Appeals reasonably applied governing federal law. The relevant question on habeas review is whether the failure to sever the trials impinged on the petitioner's right to due process of law. *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007). To establish a due process violation, the petitioner must show that the joint trial "resulted in prejudice so great as to deny" him a "right to a fair trial." *Id.* (cleaned up). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Stanford v. Parker*, 266 F.3d 458-59 (6th Cir. 2001) (quotation omitted). A separate trial is not required simply because defendants present antagonistic defenses. *Id.* at 458. "A defendant seeking severance must show substantial, undue, or compelling prejudice to a specific trial right." *Lang v. Gundy*, 399 F. App'x 969, 976 (6th Cir. 2010).

Because Welch simply fails to identify how he was deprived of fundamental fairness where Dorsey and Cannon's testimony would have been admissible in a separate trial, he is not entitled to habeas relief on this ground.

C.    *Jury Instruction*

Welch lastly contends that the trial court should have given the jury an accomplice instruction concerning Cannon and Dorsey's testimony. The Court finds the claim procedurally defaulted and that Welch has not established cause and prejudice to excuse the default. Nor has he shown that failure to consider the claim would work a manifest injustice. But even if the claim were not defaulted, habeas relief would not be warranted because the claim is meritless.

Federal habeas relief is precluded on claims that were not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when (1) a petitioner fails to comply with a state procedural rule, (2) the rule is actually relied upon by the state courts, and (3) the procedural rule is "independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (quotations omitted).

The Michigan Court of Appeals found that Welch waived the jury instruction claim because, after the trial court instructed the jury, defense counsel expressed approval of the instructions. *Welch*, 2017 WL 5473206, at *4. The rule that the express approval of a jury instruction constitutes a waiver and extinguishes any objection is firmly established and regularly followed by Michigan state courts. *See Morgan v. Lafler*, 452 Fed. App'x 637, 646 n.3 (6th Cir. 2011). The Michigan Court of Appeals expressly relied on this rule in reviewing Welch's claim. His challenge to the jury instruction is thus procedurally defaulted unless he shows cause for the default and either (1) actual prejudice that resulted from the alleged violation of federal law, or (2) there will be a fundamental miscarriage of justice if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

Welch neither alleges nor establishes cause to excuse his default. And the Court need not address the issue of prejudice when a petitioner fails to establish cause. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Welch also failed to establish that a fundamental miscarriage of justice occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998) (cleaned up). "To be credible, [a claim of actual innocence] requires petitioner to support his [or her] allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Since Welch has made no such showing, this claim is procedurally defaulted.

Additionally, even if the Court were to consider the merits of the instructional error claim, Welch is not entitled to relief. A federal court may not grant a writ of habeas corpus on the ground that a jury instruction was incorrect under state law. Instead, the relevant inquiry is "whether the ailing instruction so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The jury instruction "must be considered in the context of the instructions as a whole and the trial record." *Id*. at 72. The burden of proving that an omitted jury instruction violates due process is more stringent than when the trial court instructs the jury incorrectly. This is because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977).

The Michigan Court of Appeals held that, even if the claim had not been waived, no error occurred because no evidence was presented to support such an instruction under state law. Where a state appellate court assesses the necessity and adequacy of a particular jury instruction under state law, a federal habeas court cannot question its findings. *Davis v. Morgan*, 89 F. App'x 932, 936 (6th Cir. 2003). Welch ultimately fails to show that the absence of an accomplice instruction infused the trial with such unfairness as to deny him due process.

    D.    *Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that reasonable jurists would not debate that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is granted because an appeal could be taken in good faith. *See* Fed. R. App. P. 24(a).

Dated: September 14, 2022  
       Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 14, 2022.

Ladarius Welch #965513  
CHIPPEWA CORRECTIONAL FACILITY  
4269 W. M-80  
KINCHELOE, MI 49784

s/Johnetta M. Curry-Williams  
Case Manager